A95A1693. HULSE v. JOINT CITY-COUNTY BOARD OF
TAX ASSESSORS.
(464 SE2d 890)

RUFFIN, Judge.

Frank W. Hulse IV appealed the assessment and valuation of his property by the Joint City-County Board of Tax Assessors ("the Board") to the County Board of Equalization ("BOE"). As part of his appeal, Hulse submitted to the BOE a "Request By Taxpayer For Board [of Equalization] To Order Joint Board [of Tax Assessors] To Take Action Necessary To Obtain Uniformity" (the "request"). In the request, Hulse cited the language from OCGA § 48-5-311 (d) (2) and asked the BOE to find reason to believe his property had not been uniformly assessed and to therefore ask the respective parties to submit information relevant to uniformity. In its decision on the appeal, the BOE stated that it "heard all the evidence" and "reviewed all the information submitted"; placed a handwritten check by the categories "uniformity of assessment" and "value" listed under the heading "Your appeal raised the following issue(s)"; and reduced the appraised value of the property.

Hulse then filed a three count appeal of the BOE decision in the superior court. Count I of the appeal contended that the BOE had not ruled on his request and asked the trial court to remand the case to the BOE with direction that it do so. Count III sought attorney fees and expenses in having to appear at the BOE hearing and for having to appeal the BOE decision to superior court. The trial court determined that the BOE had in fact ruled on Hulse's request and in doing so found no reason to believe an issue of uniformity existed. Accordingly, the court dismissed Counts I and III. Hulse then confessed judgment as to Count II, the value of his property and now appeals the trial court's dismissal of Counts I and III of his appeal. For reasons which follow, we reverse.

1. OCGA § 48-5-311 (d) (2) provides in part that "[i]f in the course of determining an appeal the county board of equalization finds reason to believe that the property involved in an appeal is not uniformly assessed with other property . . . the board shall request the respective parties to the appeal to present relevant information with respect to that question." Hulse contends the trial court erred in determining that the BOE ruled on his request because the BOE did not request the parties to provide information relevant to equaliza-

tion and therefore did not "specifically decide each question presented by the appeal" as required under former OCGA § 48-5-311 (e) (6) (C) (1).

Pretermitting whether former § 48-5-311 (e) (6) (C) (1) provides for such requests, the relevant statute, OCGA § 48-5-311 (d) (2), does not require the BOE to request such information from the parties unless it has reason to believe an issue exists regarding uniformity. Thus, if the BOE found no reason to believe Hulse's property was not assessed uniformly, it was not required to take the action Hulse requested. However, the question remains as to whether the BOE "specifically" decided the issue of uniformity, an issue which it stated was raised in Hulse's appeal. While we agree with the trial court that it is implicit in the BOE's decision that it considered the question of uniformity and did not find it to be an issue, we cannot say the decision "specifically decided" the issue. We note that in addition to specifically deciding each issue raised by the taxpayer, the statute now requires the BOE to "specify the reason or reasons for each such decision as to the specific issues of taxability, uniformity of assessment, [or] value . . . raised . . . by the taxpayer . . . in his appeal. . . ." OCGA § 48-5-311 (e) (6) (D) (i). Nor can we say that Hulse's confession of judgment as to the value of his property renders the court's action harmless, because the legal issue of uniformity of assessment remains. If this case were remanded to the BOE and it decided there was not uniformity in assessment, the fair market value of the property and corresponding ad valorem tax would not necessarily remain the same. Accordingly, we reverse the court's dismissal of Count I of the appeal with direction that the trial court remand to the BOE for an answer which complies with the requirements of OCGA § 48-5-311 (e) (6) (D) (i) on the question of uniformity of assessment.

We do not hold, as Hulse contends in a separate enumeration of error, that the trial court must remand with direction that the BOE find there is sufficient evidence for it to have reason to believe disparity exists such that it must request additional information on uniformity from the parties. Not only has Hulse cited no authority which would require a direction of this nature, but such a determination, i.e., whether the BOE believes an issue as to uniformity exists, is obviously a question for the BOE, not the superior court.

2. Hulse contends that the court erred in dismissing Count III of his appeal which sought costs and expenses for having to appear at the BOE's hearing on his initial appeal and for having to appeal to the superior court in order to have the BOE rule on his request. At the outset, we note that Hulse cites no authority showing that he is entitled to costs for appearing at the BOE hearing on an appeal he initiated. Thus, that portion of this enumeration is without merit. With respect to costs and expenses for his appeal to superior court,

we note as we did above that the BOE was not required to comply with the self-styled request. And although the trial court's dismissal of Count III was based in part on its erroneous assumption that the BOE decided the issue of uniformity, Hulse presents neither argument nor authority demonstrating his entitlement to attorney fees and expenses.

3. Given our holding above, we need not address Hulse's remaining enumerations of error.

*Judgment reversed and remanded with direction. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995.

*W. Wheeler Bryan, Scott M. Dixon*, for appellant.

*Boyce, Ekonomou & Atkinson, Lee W. Fitzpatrick, Richard A. Carothers*, for appellee.