A99A0838. BURT DEVELOPMENT COMPANY et al. v. LEE COUNTY TAX ASSESSORS.
(523 SE2d 81)

JOHNSON, Chief Judge.

The Lee County Board of Tax Assessors hired a firm to reappraise the value of real property in the county, including apartments, a trailer park and a tract of land owned by the Burt family. After the reappraisals, the assessed values of the Burts' properties were higher than they had been the previous year, so the tax assessors sent notices to the Burts informing them of the increased tax assessments. The Burts appealed the higher tax assessments to the Lee County Board of Equalization, which upheld the increased valuations of the Burts' properties. The Burts then appealed the Board of Equalization's decision to the superior court. After a hearing, the trial court, on its own motion, entered an order granting summary judgment on all issues to the tax assessors. The Burts appeal from the order.

1. The Burts claim the court's grant of summary judgment was

improper because it was on the court's own motion and was based solely on the pleadings. These claims are without merit.

"Summary judgment can be granted to a non-moving party provided that the grant is proper in all other respects." (Citations, punctuation and emphasis omitted.) *Signet Bank/Va. v. Tillis,* 196 Ga. App. 433, 434 (396 SE2d 54) (1990). Here, the court made specific factual and legal findings which support the conclusion that there are no genuine issues of material fact. See OCGA § 9-11-56. The court's grant of summary judgment, without a motion by the tax assessors, was therefore appropriate.

Given the record before us, we also cannot accept the Burts' suggestion that the court considered only the pleadings, and no evidence, in granting summary judgment. Contrary to the Burts' claim, the record provided to this court contains some evidence, including two depositions and various documents, which the trial court could have considered. Moreover, numerous other pieces of evidence were expressly excluded from the appellate record by the Burts in their notices of appeal. There is no way for us to know if the trial court relied on any of that excluded evidence in granting summary judgment.

While the court's written order states that the court considered the pleadings, this statement does not necessarily mean that the court considered no evidence in reaching its decision. First of all, the pleadings themselves — the trial briefs filed by both the Burts and the tax assessors — refer to certain pieces of evidence. So the court in considering those pleadings must also have considered the evidence cited in them. Additionally, in the order, the court expressly refers to some evidence in the form of deposition testimony.

Finally, the record contains no transcript of the hearing held before the trial judge. Consequently, "we cannot determine whether evidentiary submissions, stipulations, or statements in place by counsel were tendered at the hearing." *Gill v. B & R Intl.,* 234 Ga. App. 528, 531 (1) (c) (507 SE2d 477) (1998). Absent a transcript, or some affirmative showing to the contrary, we must presume that the trial court's findings are supported by competent evidence and that the court applied the appropriate standard in granting summary judgment. *Patriot Gen. Ins. Co. v. Millis,* 233 Ga. App. 867, 871 (3) (506 SE2d 145) (1998); *Lakeshore Marine v. Hartford Accident &c. Co.,* 164 Ga. App. 417, 418 (1) (296 SE2d 418) (1982).

2. Because this is an appeal from a grant of summary judgment, we must conduct a de novo review of the record to determine if there are genuine issues of material fact. *Fowler v. City of Marietta,* 233 Ga. App. 622, 623 (504 SE2d 726) (1998). The Burts' appellate brief, which is essentially the same brief that they filed in the trial court, does not properly assert that the trial court's grant of summary judg-

ment was erroneous because there are genuine issues of material fact. Rather, the Burts argue that the court erred in failing to find that (1) business personal property in the county was not taxed, (2) certain real estate in the county was not taxed, (3) the notices of new tax assessments sent to them by the county were deficient, and (4) the tax assessors improperly changed the value of their apartment property from a value established by a prior appeal. Nevertheless, even if we construe these arguments as properly challenging the trial court's summary judgment rulings, the Burts still have not met their burden of proving such challenges by the record.

As the parties appealing from an adverse ruling, it is the Burts' burden to prove any alleged errors by the record. See *North Fulton Feed v. Purina Mills*, 221 Ga. App. 576, 577 (472 SE2d 122) (1996). The Burts have not met this burden because, without a transcript of the hearing held before the trial judge or a stipulation as to what occurred at the hearing, we must presume that the court's summary judgment rulings are supported by the evidence. *Ga. Recovery v. Danley*, 215 Ga. App. 236, 238 (2) (450 SE2d 263) (1994). Thus, based on the limited record provided to us by the Burts, we cannot find that the court erred in ruling that there are no genuine issues of material fact on the four arguments set forth above.

3. But we do agree with the Burts' assertion that the trial court should have found that the Board of Equalization improperly failed to render any decision on the issue of whether the valuations of the Burts' properties were uniform with other real property in the county. Even the tax assessors concede in their appellate brief that the Board of Equalization did not expressly address the issue of uniformity, and they ask us to remand the case to the Board for determination of this issue. Because the parties agree that the Board did not adequately address the issue of uniformity, we reverse the grant of summary judgment on that issue only and remand the case to the trial court with direction that it remand the case to the Board of Equalization for determination of the unresolved issue of uniformity. See *Hulse v. Joint City-County Bd. &c.*, 219 Ga. App. 309, 310 (1) (464 SE2d 890) (1995).

*Judgment affirmed in part, reversed in part, and case remanded with direction. Smith and Eldridge, JJ., concur.*

DECIDED OCTOBER 4, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999 —

*Burt & Burt, Hilliard P. Burt*, for appellants.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, George R. Ellis,* for appellee.