## A06A0447. MUNDELL et al. v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.
### (634 SE2d 180)

PHIPPS, Judge.

Lee and Melissa Mundell appeal a superior court order concerning valuation of their real property by the Chatham County Board of Tax Assessors. For reasons that follow, we affirm.

The Board of Tax Assessors sent the Mundells notice of a change in value of their property for tax year 1999 from $51,500 to $137,500. The Mundells appealed the assessment to the Chatham County Board of Equalization, which established the value of the property at $120,000. The Mundells appealed that decision to the superior court.

While that action was pending in the superior court, the Board of Tax Assessors sent the Mundells notice of a change in value of the same real property for tax year 2000, setting the value at $137,000. The Mundells appealed that assessment to the Board of Equalization, which set the fair market value for tax year 2000 at $120,000. The Mundells appealed that decision to the superior court in February 2001.

Later that month, the superior court entered a consent judgment establishing the value of the property for tax year 1999 at $51,500. With respect to the case concerning tax year 2000, in March 2002, the Mundells filed a motion for summary judgment, arguing that pursuant to OCGA § 48-5-299 (c), the consent judgment entitled them to a ruling that the value of their property for purposes of taxation for that year was $51,500. The Mundells cited the first sentence of that Code provision, providing,

> Real property, the value of which was established by an appeal in any year, that has not been returned by the taxpayer at a different value during the next two successive years, may not be changed by the board of tax assessors during such two years for the sole purpose of changing the valuation established or decision rendered in an appeal to the board of equalization or superior court.

The Board of Tax Assessors responded that "[t]he proper remedy in this case is for this court to enter an order stating that the consent judgment valuation shall be applied to tax year 1999 and the § 299 (c) freeze ($51,500.00) shall apply for tax years 2000 and 2001. The [Mundells] should not be entitled to another 'freeze year,' as this is not contemplated by § 299 (c)." The Board of Tax Assessors further posited, "[The Mundells] are seeking a *judgment* to reflect a value of $51,500.00 for tax year 2000. This would arguably extend the OCGA

§ 48-5-299 (c) freeze for two more years (2001 and 2002), which would give [the Mundells] a three year freeze at the 1999 valuation ($51,500.00)."[1]

The superior court granted summary judgment to the Mundells to the extent that they sought a ruling that the $51,500 valuation set for tax year 1999 applied to tax years 2000 and 2001. The superior court further ruled, "[The Mundells'] Motion for Summary Judgment, which seeks to apply the 299 (c) freeze to tax year 2002, is DE-NIED. . . . Accordingly, summary judgment is GRANTED to [the Board of Tax Assessors] on this issue sua sponte."

On appeal to this court, the Mundells contend that the superior court erred in ruling that OCGA § 48-5-299 (c) would not be applicable to their property for tax year 2002. They assert that they did not raise the issue in their motion for summary judgment and that the Board of Tax Assessors filed no motion for summary judgment. They claim that the sua sponte ruling was impermissible because they were given no opportunity to be heard on the issue and because the ruling violates the plain language of OCGA § 48-5-299 (c).

The record confirms that the Mundells were given full and fair notice of and opportunity to respond in superior court to the issue whether OCGA § 48-5-299 (c) would operate to bar the Board of Tax Assessors from increasing the valuation on their property for tax year 2002. In opposing the Mundells' summary judgment motion, the Board of Tax Assessors raised the issue;[2] and the Mundells thereafter filed a reply to the Board of Tax Assessors' pleading.

Furthermore, the contested ruling does not violate OCGA § 48-5-299 (c). The Mundells point out that their appeal regarding tax year 1999 resulted in a consent judgment entered by the superior court and that their appeal regarding tax year 2000 resulted in the superior court judgment being appealed here. Citing the latter judgment and the legislature's reference to "real property, the value of which was *established by an appeal in any year*" within the first sentence of OCGA § 48-5-299 (c),[3] the Mundells argue, "The Order itself, which establishes the value of the property for tax year 2000 . . . prohibits the reassessment of said property for the following two years: 2001 and 2002."

In addressing the Mundells' argument that the superior court's ruling violated OCGA § 48-5-299 (c), we adhere to cardinal rules of

---

[1] (Emphasis supplied.)

[2] See generally *Fraker v. C. W. Matthews Contracting Co.*, 272 Ga. App. 807, 816 (4) (614 SE2d 94) (2005) (whether party formally moved for summary judgment is not dispositive).

[3] (Emphasis supplied.)

statutory construction that require us, among other things, to ascertain the intent of the General Assembly,[4] apply ordinary significations to all words, except words of art and words connected with a particular subject matter,[5] and to "consider the consequences of any proposed interpretation and not construe the statute to reach an unreasonable result unintended by the legislature."[6]

The intent of the General Assembly in passing OCGA § 48-5-299 (c) was to limit the circumstances in which a board of tax assessors could raise the value of real property for the *two* consecutive years following an appeal wherein the board of equalization or the superior court determined the value of such property.[7] When the Board of Tax Assessors sent the Mundells notice pertaining to tax year 2000, the appeal for tax year 1999 was pending before the superior court. The parties agree that, upon the superior court's entry of the consent judgment setting the value for tax year 1999, OCGA § 48-5-299 (c) prohibited, albeit retroactively, the Board of Tax Assessors from changing the value of the Mundells' property for tax years 2000 and 2001.[8]

The Mundells propose that OCGA § 48-5-299 (c) be interpreted such that a ruling pursuant to that Code provision triggers, anew, the protection afforded a taxpayer by that Code provision. But as the Board of Tax Assessors has pointed out, this interpretation effectively affords the taxpayer protection from a change in value for more than the two successive years following a reassessment. Because we do not believe that the legislature intended such a consequence upon a ruling pursuant to OCGA § 48-5-299 (c), we reject the Mundells' proposed interpretation. We hold that a ruling pursuant to OCGA § 48-5-299 (c) does not "establish" the value of the real property as contemplated by that Code provision so as to entitle a taxpayer to an additional two-year period of protection. Therefore, contrary to the Mundells' contention, the superior court's ruling pertaining to tax year 2002 did not violate OCGA § 48-5-299 (c).[9]

---

[4] *Kemp v. City of Claxton*, 269 Ga. 173, 175 (1) (496 SE2d 712) (1998).

[5] *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 790 (1) (582 SE2d 109) (2003).

[6] *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004) (citation and punctuation omitted).

[7] See *Cullum v. Chatham County Bd. of Tax Assessors*, 243 Ga. App. 865, 866 (534 SE2d 535) (2000).

[8] While OCGA § 48-5-299 (c) sets forth specific circumstances wherein a board of tax assessors may change the value of real property during the two successive years following a reassessment, the parties do not claim that any such circumstance was present in this case.

[9] See also *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 409 (2) (a) (523 SE2d 600) (1999) (declaratory judgment is not a substitute for an appeal under OCGA § 48-5-311 (e), but such is appropriate, not for the purpose of resolving reassessment issues that should come under OCGA § 48-5-311, but to guide the parties and prevent uncertainty and insecurity with respect to the propriety of some future act or conduct

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 11, 2006.

*Lee C. Mundell*, for appellants.
*Brennan, Harris & Rominger, Thomas L. Bass, Jr.*, for appellee.

in order not to jeopardize their interests, regarding statutory application and construction).