## A09A0194. FULTON COUNTY BOARD OF TAX ASSESSORS v. LAMB.

(680 SE2d 656)

SMITH, Presiding Judge.

The Fulton County Board of Tax Assessors ("the board") appeals from the trial court's order awarding attorney fees totaling $64,322.82 to Thomas Lamb pursuant to OCGA § 48-5-311 (g) (4) (B) (ii). The board does not dispute the amount of attorney fees awarded. Instead, it contends that the trial court erred by awarding attorney fees under this Code section. We disagree and affirm.

OCGA § 48-5-311 (g) (4) (B) (ii) provides:

> If the final determination of value on appeal [to the superior court] is . . . 85 percent or less of the valuation set by the county board of tax assessors as to [noncommercial] property, the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action.

The board contends that Lamb was not entitled to attorney fees under this Code section based on its contention that Lamb's appeal to superior court dealt with a "freeze" of his property value under OCGA § 48-5-299 (c)[1] and not a new determination of value. Accord-

---

[1] OCGA § 48-5-299 (c) provides that the board of tax assessors may not change for two years "the valuation established or decision rendered in an appeal to the board of equalization or superior court."

ing to the board, attorney fees cannot be awarded under OCGA § 48-5-311 (g) (4) (B) (ii) in cases related to frozen values under OCGA § 48-5-299 (c).

The record shows that the board notified Lamb that it was raising the appraised value on his home for tax year 2004 to $3,687,300. The reason listed for the change was "[a]ssessor's records updated to reflect current property characteristics."

Lamb filed an appeal with the board of tax assessors "pursuant to the provisions of OCGA § 48-5-311" on the grounds of "uniformity of assessment and value." Lamb also asserted that the value of the property "should be placed at the 2002 Superior Court Consent Order fair market value of $2,167,900, pursuant to OCGA § 48-5-299 (c)."

When the board of tax assessors denied his appeal, Lamb appealed to the Fulton County Board of Equalization. The board of equalization assessed the value of Lamb's property for tax year 2004 at 3.1 million dollars "based on the evidence presented" and listed the issue on appeal as "value (what is the fair market value?)."

Lamb then appealed to Fulton County Superior Court and raised issues of valuation, uniformity of assessment, and the application of res judicata and collateral estoppel. Lamb contended that the fair market value for the years 2002, 2003, and 2004 was set based upon a consent order entered in a previous appeal to Fulton County Superior Court. This order provided that the "parties have agreed" that the value for these years "will be $2,167,900 . . . absent any significant additions, deletions, or improvements to the subject property."

A consolidated pre-trial order was entered and the parties agreed that the first issue to be determined in a bifurcated trial was whether "repairs and replacements made to [Lamb]'s residence in late 2002 and early 2003 constitute 'significant additions, deletions, or improvements' within the meaning of this Court's Final Order entered in Appellant's 2002 tax appeal." On the first day of trial, the trial court denied the board's request to enforce an alleged settlement between the parties. After this adverse ruling, the board offered "to stipulate that significant changes were not made to Mr. Lamb's property." After discussion between the parties and the trial judge, the board "stipulated to a value of 2,167,900 . . . the value listed in the consent order," and the jury was discharged.

The board then argued that based upon its stipulation, the "matter is before the court under OCGA § 48-5-299 (c)," there has been no establishment of value under OCGA § 48-5-311 (g) (4) (B) (ii), and Lamb is not entitled to his attorney fees under that Code section. Based on this argument, the trial judge initially denied Lamb's request for attorney fees. In his written final order, however,

the trial judge reserved ruling on Lamb's request for attorney fees.

The trial judge also wrote that based upon the board's "stipulation that no 'significant' changes were made to . . . Lamb's . . . property . . . this Court hereby finds that the subject property should not have been reassessed for tax year 2004 pursuant to this Court's June 16, 2003[2] Consent Final Order and Judgment and OCGA § 48-5-299 (c)." The board appealed, and this court, in an unpublished opinion, affirmed the trial court's denial of the board's motion to enforce the alleged settlement. Lamb did not file a cross-appeal. Although the board also enumerated as error the trial court's purported grant of attorney fees to Lamb, this court refused to consider the issue because the trial court reserved ruling on the issue of attorney fees.

After the return of this case to the superior court, it held a hearing on the issue of attorney fees and concluded that it was

> not going to let this case be controlled by the 299 (c) because this case got litigated. This litigant got put to enormous expense as a result of it.
>
> And if I'm reading [48-5-311] correctly, and what I'm saying is the public policy of this State is that if they have to go to the mat and get that — extract that concession out of the County, however you want to phrase it, then they should be entitled to recover, they are entitled to recover attorney's fees. That's not right is what I finally came around and decided. . . .
>
> And so I don't know, whatever that order says it says. We'll let everybody worry about that at another time. . . .
>
> So I'm going to award attorney fees under . . . 48-5-311 (g) . . . [b]ecause I believe it complies with that.

We agree with the trial court's reasoning. The language of OCGA § 48-5-311 (g) (4) (B) (ii) applies when "the final determination of value on appeal [to superior court] is . . . 85 percent or less of the valuation set by the county board of tax assessors as to [noncommercial] property. . . ." Nothing in this Code section precludes its application to appeals involving OCGA § 48-5-299 (c), and we decline to so hold. In this case, the final determination of value on appeal to the superior court ($2,167,900) was 85 percent or less of the valuation set by the county board of tax assessors ($3,687,300).

---

[2] This consent order governed tax years 2002, 2003, and 2004. Lamb refers to it as the 2002 Consent Order.

YALE LAW LIBRARY

Therefore, the trial court properly concluded that Lamb was entitled to his attorney fees under this Code provision.

Our opinion in *Mundell v. Chatham County Bd. of Tax Assessors*, 280 Ga. App. 389 (634 SE2d 180) (2006), does not alter this result. In *Mundell*, we affirmed the board of tax assessors' valuation and held that "a ruling pursuant to OCGA § 48-5-299 (c) does not 'establish' the value of real property as contemplated by that Code provision so as to entitle a taxpayer to an additional two-year period of protection." Id. at 391. The issue of attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii) was not before us.

Likewise, our opinion in *Hulse v. Joint City-County Bd. of Assessors*, 219 Ga. App. 309 (464 SE2d 890) (1995), has no effect on the propriety of the trial court's award of attorney fees in this case because it was decided before the enactment of OCGA § 48-5-311 (g) (4) (B) (ii).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 30, 2009 —

*Sana Shoaib Ayubi, Steven E. Rosenberg*, for appellant.

*Proctor & Hutchins, Robert J. Proctor, Christopher M. Porterfield*, for appellee.