## A11A2055. FULTON COUNTY BOARD OF TAX ASSESSORS v. LM ATLANTA AIRPORT, LLC.
### (721 SE2d 640)

BARNES, Presiding Judge.

The Fulton County Board of Tax Assessors (the "Board") appeals from the superior court's order awarding attorney fees and costs to LM Atlanta Airport, LLC in litigation over the valuation of commercial property for ad valorem tax purposes. The Board does not dispute the amount of attorney fees and costs that were awarded by the superior court. Rather, the Board argues that the superior court was without authority to award attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii). We disagree and affirm.

The record reflects that the property at issue is located near the Hartsfield-Jackson Atlanta International Airport in Fulton County and contains a full-service hotel with approximately 500 rooms. The property consists of two tax parcels that are operated jointly and are currently owned by LM Atlanta Airport, LLC. LM Atlanta appealed the Board's valuation of the property for tax years 2009 and 2010. Only the 2010 tax appeal is the subject of this appeal, although the 2009 tax appeal is relevant to the analysis of the specific issues raised by the parties.

*The 2009 Tax Appeal.* In 2009, the Board appraised the property as having a fair market value of $34,937,700. LM Atlanta appealed the valuation to the Fulton County Board of Equalization, which reduced the appraised value to $21,034,000. Pursuant to OCGA § 48-5-311 (g), LM Atlanta then appealed the $21,034,000 valuation by the Board of Equalization to the Superior Court of Fulton County, alleging incorrect valuation of the subject property and non-uniform assessment.

*The 2010 Tax Appeal.* In 2010, while the 2009 tax appeal remained pending, the Board once again appraised the property as having a fair market value of $34,937,700, despite the fact that the Board of Equalization had recently reduced the value for the property in the 2009 tax appeal. LM Atlanta appealed the 2010 appraisal to the Board of Equalization, which reduced the appraised value to $21,034,000 consistent with its valuation for the prior year. As in the 2009 tax appeal, LM Atlanta then appealed the $21,034,000 valuation to the Superior Court of Fulton County in accordance with OCGA § 48-5-311 (g). In its notice of appeal to the superior court, LM

Atlanta prayed for recovery of its reasonable attorney fees and the costs of litigation pursuant to OCGA § 48-5-311 (g) (4) (B) (ii).

The 2010 tax appeal was assigned to a different superior court judge than the 2009 tax appeal. The superior court judge in the 2010 tax appeal ordered the parties to mediation, but it proved unsuccessful. The parties engaged in discovery, and LM Atlanta retained an expert appraiser to value the property and incurred other expert witness expenses as the 2010 tax appeal moved forward.

*Resolution of the 2009 Tax Appeal.* Meanwhile, as the 2010 tax appeal was pending, the 2009 tax appeal was tried in a bench trial before the superior court in March 2011. Following the bench trial, the superior court entered a final order finding that the fair market value of the property was $6,362,733 (the "2009 Final Order"). The 2009 Final Order provided that the parties would bear their own attorney fees. Neither party appealed the 2009 Final Order.

*Resolution of the 2010 Tax Appeal.* Following entry of the 2009 Final Order, the Board conceded that, pursuant to OCGA § 48-5-299 (c), the fair market value of the property for tax year 2010 was $6,362,733 by operation of law. OCGA § 48-5-299 (c) provides that the Board may not change for the "next two successive years," absent certain specific circumstances not applicable here, "the valuation established or decision rendered in an appeal to the board of equalization or superior court."[1] The Board and LM Atlanta agreed that the 2009 tax appeal set the value of the property for purposes of OCGA § 48-5-299 (c), such that the tax years 2010 and 2011 were the "next two successive years" during which the value could not be changed by the Board.

However, the parties were unable to agree on how to dispose of the 2010 tax appeal or on the issue of attorney fees and costs. Specifically, LM Atlanta asked the superior court to enter a final order disposing of the case and moved for an award of reasonable attorney fees and the costs of litigation pursuant to OCGA § 48-5-311 (g) (4) (B) (ii). That statutory subsection provides in relevant part that "[i]f the final determination of value on appeal is 80 percent or less of the valuation set by the county board of equalization or hearing officer as to commercial property, . . . the taxpayer[ ] . . . shall recover costs of litigation and reasonable attorney's fees incurred in the action." OCGA § 48-5-311 (g) (4) (B) (ii).

---

[1] OCGA § 48-5-299 (c) provides in part:

Real property, the value of which was established by an appeal in any year, that has not been returned by the taxpayer at a different value during the next two successive years, may not be changed by the board of tax assessors during such two years for the sole purpose of changing the valuation established or decision rendered in an appeal to the board of equalization or superior court. . . .

In contrast to LM Atlanta, the Board argued that a final order was unnecessary given that the value of the property for tax year 2010 had been set by operation of law by OCGA § 48-5-299 (c). The Board further argued that because the value of the property had been set by operation of law, there could be no independent "final determination of value" in the 2010 tax appeal that would authorize an award of attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii). Consequently, the Board moved to dismiss LM Atlanta's motion for attorney fees and the costs of litigation.

Rejecting the Board's argument, the superior court entered a final order in the 2010 tax appeal concluding that the fair market value of the property was $6,362,733 as a matter of law pursuant to OCGA § 48-5-299 (c), denied the Board's motion to dismiss, and awarded LM Atlanta attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii) (the "2010 Final Order"). The Board now appeals the award of attorney fees and costs contained in the 2010 Final Order.

We conclude that the trial court committed no error in awarding attorney fees and costs to LM Atlanta. "OCGA § 48-5-311 (g) governs the method by which a taxpayer or county board of tax assessors may appeal a decision of the county board of equalization to the superior court of the county in which the land lies." *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 299 Ga. App. 233 (682 SE2d 328) (2009). And, in the context of tax appeals under that subsection, OCGA § 48-5-311 (g) (4) (B) (ii) mandates an award of reasonable attorney fees and the costs of litigation to a taxpayer owning commercial property where there has been a "final determination of value on appeal" and that value "is 80 percent or less of the valuation set by the county board of equalization or hearing officer."

The Board does not contest that the value of the property set forth in the 2010 Final Order was less than 80 percent of the value set by the Board of Equalization. Instead, the Board argues that OCGA § 48-5-311 (g) (4) (B) (ii) does not apply because there has been no "final determination of value" which would entitle LM Atlanta to attorney fees and costs in the 2010 tax appeal. In this regard, the Board argues that pursuant to OCGA § 48-5-299 (c), the valuation of the property for 2010 was set by operation of law by the 2009 Final Order. According to the Board, there must be an independent "final determination of value" in order for attorney fees and costs to be authorized, and a valuation of the property predicated upon OCGA § 48-5-299 (c) does not meet that requirement. The Board thus asserts that the superior court's award of attorney fees and costs in the 2010 tax appeal was not statutorily authorized.

We are unpersuaded. The Board's contention is controlled directly and adversely to it by our decision in *Fulton County Bd. of Tax Assessors v. Lamb*, 298 Ga. App. 618, 620-621 (680 SE2d 656)

(2009). In *Lamb*, a taxpayer appealed the valuation of his property for tax year 2002, and that appeal was resolved by a consent order entered in the superior court. Id. at 619-620. In 2004, the Board increased the valuation of the property, and the taxpayer ultimately appealed to the superior court after the Fulton County Board of Equalization likewise held that the value of the property had increased. Id. at 619. However, on the first day of trial in the 2004 tax appeal, the Board for the first time stipulated that, pursuant to OCGA § 48-5-299 (c), the value of the property in 2004 was the valuation reflected in the 2002 consent order by operation of law, and the jury was discharged. Id.

The superior court in *Lamb* subsequently held a hearing on attorney fees and costs and awarded them to the taxpayer pursuant to OCGA § 48-5-311 (g) (4) (B) (ii). *Lamb*, 298 Ga. App. at 620. The court reasoned that OCGA § 48-5-299 (c) did not preclude an award of attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii) because the 2004 tax appeal "got litigated" and the taxpayer had incurred significant expenses in litigating the case before the Board ultimately agreed that the value of the property was controlled by OCGA § 48-5-299 (c). Id.

On appeal to this court in *Lamb*, the Board argued that the value of the taxpayer's property in 2004 was the same as the value set by the 2002 consent order pursuant to OCGA § 48-5-299 (c), and, therefore, that there had been no new "final determination of value" in the 2004 tax appeal. Id. at 618-619. As such, the Board argued that attorney fees and costs were not authorized under OCGA § 48-5-311 (g) (4) (B) (ii). We rejected the Board's argument, holding that "[n]othing in [OCGA § 48-5-311 (g) (4) (B) (ii)] preclude[d] its application to appeals involving OCGA § 48-5-299 (c)" and that the superior court's reasoning for awarding attorney fees and costs was sound. Id. at 620.

The situation in the present case is materially similar to that of *Lamb*. As in that case, here there was a tax appeal in a prior year (the 2009 tax appeal) over the valuation of the taxpayer's property that was resolved by entry of an order in the superior court (the 2009 Final Order). The tax year in the current case (the 2010 tax appeal) is within two years of the tax year in that prior appeal, leading the Board ultimately to concede that OCGA § 48-5-299 (c) applied and controlled the valuation of the property. But, as in *Lamb*, the taxpayer was compelled to file the current tax appeal to challenge an overvaluation of the property, and to incur significant expenses in litigating that appeal, in the interim before the Board made its concession regarding the value of the property. Under these circumstances, the present case is controlled by *Lamb*, and the trial court thus committed no error in awarding attorney fees and costs

pursuant to OCGA § 48-5-311 (g) (4) (B) (ii).

In arguing for a different result, the Board relies upon *Mundell v. Chatham County Bd. of Tax Assessors*, 280 Ga. App. 389 (634 SE2d 180) (2006). Yet, in *Lamb*, we expressly addressed *Mundell* and pointed out that it was distinguishable because "[t]he issue of attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii) was not before us" in that case. *Lamb*, 298 Ga. App. at 621. Accordingly, the Board's reliance on *Mundell* is misplaced and affords no basis for reversal.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED DECEMBER 27, 2011.

*Turner & Ross, William R. Turner, Valerie A. Ross*, for appellant.

*Freeman, Mathis & Gary, Jack R. Hancock, Michelle Y. Terry*, for appellee.