**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 8, 2014**

# In the Court of Appeals of Georgia

A14A1048, A14A1063; FULTON COUNTY BOARD OF TAX ASSESSORS v. TORO PROPERTIES VI, LLC.

BARNES, Presiding Judge.

In these companion cases, the Fulton County Board of Assessors (the "Board") appeals from the superior court's grant of attorney fees to Toro Properties VI, LLC ("Toro") after Toro's successful ad valorem tax appeals challenging the Board's valuation of two parcels of commercial real property. The Board asserts that the superior court lacked jurisdiction to award litigation costs and attorney fees and, further, that the trial court's award runs contrary to the public policy of Georgia. We disagree and affirm.

The facts of this case are undisputed. Toro is the owner of two adjacent parcels of commercial real property located in Fulton County and which contain a large, multi-unit apartment complex. For tax year 2011, the Fulton County Board of Equalization ("FCBOE") determined the respective fair market values of the parcels

to be $1,913,500 ("Parcel 1") and $5,504,000 ("Parcel 2"). Pursuant to the procedures set forth in OCGA § 48-5-311 (g),[1] Toro appealed each of the FCBOE's valuations to the superior court.[2] Toro then moved for summary judgment and asserted that, contrary to the finding of the FCBOE, the actual fair market value of Parcel 1 was $1,083,600 and the actual fair market value of Parcel 2 was $3,116,400. The Board did not oppose the motions and, consequently, the superior court entered two orders on November 20, 2012, both entitled "Final Order and Judgment Setting Value" (the "Valuation Orders"), in which it set the values accordingly.

Subsequently, on May 6, 2013, Toro filed motions pursuant to OCGA § 48-5-311 (g) (4) (B) (ii) contending that, because the actual fair market value of each parcel was determined by the superior court to be 80 percent or less of the valuation set by the FCBOE, Toro was entitled to recover its litigation costs and attorney fees in both appeals. The Board opposed the motions, but did not challenge the Valuation

[1] OCGA § 48-5-311 (g) provides that " [t]he taxpayer . . . may appeal decisions of the county board of equalization . . . to the superior court of the county in which the property lies."

[2] Toro filed two separate actions because Parcel 1 and Parcel 2 have different addresses and tax identification numbers. On appeal, Case Number A14A1048 specifically concerns the order governing Parcel 1 and Case Number A14A1063 specifically concerns the order governing Parcel 2, although the legal issues raised in both cases are identical and will be addressed together.

Orders. Instead, the Board argued, in part, that the superior court lacked jurisdiction to grant the motions after the expiration of the term of court in which the Valuation Orders were issued and that any such award would be contrary to Georgia's public policy. Following a hearing, the superior court rejected the Board's argument and awarded Toro its litigation costs and attorney fees (the "Fee Awards"). In each of the Fee Awards, the superior court expressly provided that "[t]here being no further issue pending before the Court in this case, in accordance with OCGA § 9-11-54 (b), the Court certifies this is the Final Order and Judgment terminating this case and the Clerk shall therefore close the file." This appeal follows.

The Board argues that the Valuation Orders constituted final judgments that terminated the actions as to the parties and their claims, and that the later-issued Fee Awards amounted to an unauthorized attempt by the superior court to modify the final judgments outside the term of court in which they were rendered. Because the trial court did not expressly reserve the right to do so in the Valuation Orders, the Board contends that the Fee Awards "frustrate[ ] the interest of judicial economy and [are] contrary to public policy." We disagree.

The very premise of the Board's argument—that the Valuation Orders terminated the proceedings in the superior court—is misguided. Pursuant to OCGA

3

§ 48-5-311 (g) (4) (B) (ii), upon appeal to the superior court of a valuation of commercial property set by the FCBOE, "[i]f the final determination of value . . . is 80 percent or less of the valuation set by the [FCBOE] . . ., the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action." Thus, by its express terms, the statute mandates the issuance of an award following the superior court's final determination as to value if that value triggers the statutory threshold. See *Fulton Cnty. Bd. of Tax Assessors v. LM Atlanta Airport, LLC,* 313 Ga. App. 439, 441 (721 SE2d 640) (2011) (recognizing that an award of reasonable attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii) is required if the statutory conditions are met); *Sph Glynn, LLC v. Glynn Cnty. Bd. of Tax Assessors*, 326 Ga. App. 196, 201 (2) (756 SE2d 282) (2014) (same); *see also TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344 (1) (588 SE2d 745) (2003) ("When construing statutory phrases, . . . we note that in its ordinary signification, 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.") (punctuation and footnote omitted). This is true whether or not Toro specifically pleaded for the recovery of costs and fees. See OCGA § 9-11-54 (c) (1) ("[E]very final judgment shall grant the relief to which the party in whose favor it is

4

rendered is entitled, even if the party has not demanded such relief in his pleadings . . . ."). And this remains true regardless of the fact that the superior court entitled each of its Valuation Orders as a "Final Order and Judgment Setting Value." See OCGA § 9-11-54 (b) ("In the absence of [express direction by the court], any order . . ., however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ."); *Sotter v. Stephens*, 291 Ga. 79, 82 (727 SE2d 484) (2012) (noting that "the mere designation of a judgment as 'final' is not controlling") (punctuation omitted); *Metro. Atlanta Rapid Transit Auth. v. Federick*, 187 Ga. App. 696, 698 (1) (371 SE2d 204) (1988) ("A judgment is final only when it disposes of the entire controversy, leaving nothing for the Court to do in the case."). It follows that by rendering the Fee Awards, the superior court did not modify the Valuation Orders, the issuance of which had not terminated the proceedings between the parties, but instead afforded Toro additional relief to which it was statutorily entitled. See OCGA § 9-11-54 (c) (1);OCGA § 48-5-311 (g) (4) (B) (ii).

Moreover, contrary to the Board's argument, rendering the Fee Awards after the expiration of the term of court of the Valuation Orders did not frustrate judicial economy or violate Georgia's public policy. OCGA § 48-5-311 (g) (4) (B) (ii)

5

contains no time limitation dictating when a taxpayer must move or a court must award litigation costs and attorney fees. Compare OCGA § 9-11-11.1 (f) ("Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition, including but not limited to dismissal by the plaintiff, of the action."); OCGA § 9-15-14 (e) ("Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action."). And in the absence of a specific statutory dictate, the law otherwise contains safeguards to protect against the cluttering of the court's docket due to unresolved cases and/or dilatory counsel. See OCGA § 9-2-60 (b) ("Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff."); OCGA § 9-11-41 (e) ("Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff."). For these reasons, the Board's arguments fail and the Fee Awards are affirmed.

*Judgments affirmed. Boggs and Branch, JJ., concur.*

6